**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candeo Schools, Inc., | No. CV-12-00632-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Larry Bono and Ruth Bonno, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Liability (Doc. 37) and the Kirsch Defendants' Cross Motion for Summary Judgment and Motion to Strike (Doc. 51).[1]

**I.  LEGAL STANDARD**

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff filed this action to recover attorney's fees incurred related to an administrative proceeding under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, which allows a prevailing school district to recover

---

[1] Plaintiff voluntarily dismissed its claims against Defendants Larry Bono and Ruth Bonno with prejudice on May 8, 2012. (Doc. 11.) "Kirsch Defendants" refers to all of the remaining defendants.

attorney's fees in certain rare circumstances. *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011). It can recover fees from an attorney who filed a complaint that is "frivolous, unreasonable, or without foundation" or "continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation"; it also can recover fees from the parents or their attorney if the suit was presented for "any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.*; 20 U.S.C. § 1415(i)(3)(B)(i)(II), (III). If an action is not "frivolous, unreasonable, or without foundation," it could not have been filed for an improper purpose. *Prescott Unified*, 631 F.3d at 1126.

Under the IDEA, a state must provide a disabled child with a free appropriate public education, which is satisfied by procedural compliance and the development of an individualized educational program ("IEP") "reasonably calculated to enable the child to receive educational benefits." *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 947 (9th Cir. 2010) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206-07 (1982)). "The proper standard to determine whether a disabled child has received a free appropriate public education is the 'educational benefit' standard set forth by the Supreme Court in *Rowley*." *Id.* at 951. The phrases "educational benefit," "some educational benefit," and "meaningful educational benefit" refer to the same standard. *Id.* at 951 n.10; *accord Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1058 n.2 (9th Cir. 2012).

Therefore, the question here is whether a due process action filed by Defendants Lori Kirsch-Goodwin and Hope Kirsch claiming Plaintiff Candeo Schools Inc. did not provide MB a free appropriate public education, *i.e.*, an IEP that was reasonably calculated to enable her to receive educational benefits, was frivolous, unreasonable, or without foundation. The material facts are not disputed.

## II.   UNDISPUTED FACTS

Larry and Ruth Bonno's daughter MB attended Candeo for second through fourth grade from Fall 2008 through Spring 2011. MB is bi-polar, suffers from attention deficit

hyperactivity disorder, and has other learning disabilities. The dispute between the Bonnos and Candeo began when the Bonnos did not think MB was making adequate progress with her social and academic skills.

On April 26, 2010, the Bonnos filed a formal complaint against Candeo with the Exceptional Student Services division of the Arizona Department of Education alleging that certain portions of MB's pending IEP for the 2009-2010 school year were insufficient. On May 7, 2010, the Bonnos and Candeo engaged in mediation during which they resolved the complaint through an Agreement executed the same day. The Agreement identifies five issues and states their resolution. Regarding a functional behavior assessment, the Bonnos and Candeo expressly agreed: "The Bonnos will pay for an FBA behavior assessment, and both parties agree to the recommendations & findings of the psychologist. The findings of the FBA will help assess the social skills that may be added into the IEP. The school will implement these recommendations." The Agreement was signed by the Bonnos, Candeo, and the mediator.

During September 2010, Dr. Joseph Gentry conducted a functional behavior assessment of MB. On October 7, 2010, Dr. Gentry issued a report stating his observations on three occasions, the results of assessments of MB's social skills by her parents and teacher, and his recommendations for interventions. Among other things, Dr. Gentry's recommendations included that MB receive daily social skills training in the form of weekly individual sessions with a teacher, participation 2-3 times weekly in a lunch group with a small group of peers and a teacher, and participation 2-3 times weekly in activities at recess with peers and a teacher. Dr. Gentry also recommended academic interventions, including that MB receive a full education evaluation to determine her current academic strengths and weaknesses and be provided accommodations such as testing in a quiet environment, extra time on tests, and modified homework assignments. He further identified specific social skills to be taught to MB and recommended consequence interventions, such as teaching staff and peers to ignore when MB

interrupted or talked out of turn inappropriately and to redirect her to more appropriate behaviors. The Bonnos wanted MB's IEP to include all of Dr. Gentry's recommendations verbatim; the subsequently amended IEP did not include all of Dr. Gentry's recommendations verbatim.

Defendants Lori Kirsch-Goodwin and Hope Kirsch are the lawyers who represented the Bonnos in litigation and administrative proceedings against Candeo. On January 18, 2011, the Bonnos filed an action in Maricopa County Superior Court alleging that Candeo breached the Agreement as a result of the way it implemented Dr. Gentry's recommendations.

On September 12, 2011, the Bonnos filed a due process action alleging that Candeo had not provided MB a free appropriate public education during MB's third and fourth grade school years. On November 17 and 18, 2011, a due process hearing was held. On February 24, 2012, the administrative law judge issued a decision resolving the due process action in Candeo's favor. On March 23, 2012, Candeo filed the present action seeking award of attorney's fees incurred in the due process action.

In May 2012, the Bonnos and Candeo stipulated to dismiss the action in Maricopa County Superior Court with each side to bear its own attorney's fees and costs. On May 11, 2012, the action was dismissed with prejudice.

### III. ANALYSIS

Candeo contends that the filing of the Bonnos' due process action was frivolous, unreasonable, and/or without foundation because Defendants knew prior to filing that "a showing of progress would defeat the claim," were aware of the Bonnos' admissions and other evidence of progress, and the Bonnos testified at the due process hearing that they were not contesting MB's progress. Although the parties dispute whether, when, and how much MB showed progress, those issues are not material here. The foundation for filing the due process action claiming denial of a free appropriate public education was

that MB's IEP was not reasonably calculated to enable her to receive educational benefits.

It is undisputed that Candeo agreed to implement Dr. Gentry's recommendations without qualification. Under the circumstances, it cannot be concluded that the Bonnos' belief that all of Dr. Gentry's recommendations would be implemented verbatim was unreasonable. Nor was it unreasonable for the Bonnos and Defendants to believe that Dr. Gentry's recommendations needed to be incorporated into MB's IEP in order for it to be reasonably calculated to enable her to receive educational benefits. After eight months of litigation to enforce the Agreement and little progress, Defendants' attempt to obtain compensatory services through a due process action was not frivolous, unreasonable, or without foundation.

Moreover, because the filing of the due process action was not "frivolous, unreasonable, or without foundation," it could not have been filed for an improper purpose. *See Prescott Unified*, 631 F.3d at 1126. Therefore, Candeo is not entitled to award of attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II) or (III).

Defendants moved to strike Exhibits G and N from Candeo's Statement of Facts (Doc. 38) as hearsay. Exhibit G is the Administrative Law Judge Decision. Exhibit N is email correspondence between the Bonnos and Dr. Gentry, not Candeo's expert's report. Exhibit O is Dr. Gentry's Confidential Social Skill Assessment Summary dated August 6, 2011. Because the content of these exhibits is not relevant to deciding the motions for summary judgment, the Court has not considered any of them and will deny Defendants' motion to strike as unnecessary and moot.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment on Liability (Doc. 37) is denied.

IT IS FURTHER ORDERED that the Kirsch Defendants' Motion to Strike (Doc. 51) is denied as unnecessary and moot.

- 2 -

IT IS FURTHER ORDERED that the Kirsch Defendants' Cross Motion for Summary Judgment (Doc. 51) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants Kirsch-Goodwin & Kirsch PLLC, Hope N. Kirsch, Barry Kluger, Lori Kirsch-Goodwin, and Jeff Goodwin and against Plaintiffs and that Plaintiffs take nothing.  The Clerk shall terminate this case.

Dated this 15th day of March, 2013.

_____
Neil V. Wake
United States District Judge